IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK S. HEMSTREET, SHILO INN,
BEAVERTON, LLC, SHILO INN, BOISE
RIVERSIDE, LLC, SHILO INN, CASPER,
LLC, SHILO INN, DELANO, LLC, SHILO
INN, DIAMOND BAR, LLC, SHILO INN,
GRANTS PASS, LLC, SHILO INN, IDAHO
FALLS, LLC, SHILO INN, LINCOLN CITY,
LLC, SHILO INN, NAMPA BLVD., LLC,
SHILO INN, NEWPORT, LLC, SHILO INN,
OAKHURST, LLC, SHILO INN, RICHLAND,
LLC, SHILO INN, SPOKANE, LLC, SHILO
INN, THE DALLES, LLC, SHILO INN,
WARRENTON, LLC, SHILO INN, WASHINGTON
SQUARE, LLC, SHILO INN, YUMA, LLC,

Civil No. 03-318-HA

ORDER

    Plaintiffs,

  v.

MERRILL LYNCH MORTGAGE CAPITAL
INC. AND MERRILL LYNCH CREDIT
CORPORATION,

    Defendants.

HAGGERTY, Chief Judge:

    On January 28, 2005, this court entered judgment in favor of defendants Merrill

1 – ORDER

Lynch Credit Corporation and Merrill Lynch Mortgage Capital, Inc. (collectively referred to as Merrill Lynch) on their summary judgment motion against all of plaintiffs' claims. Now before the court is defendants' Motion for Entry of Award of Attorney Fees and Costs (Doc. #56). Pursuant to the parties' written agreements and 28 U.S.C. § 1920, defendants seek attorney fees in the amount of $36,568.00[1] and costs in the amount of $1,048.96. For the following reasons, the court grants defendants' motion.

Plaintiffs do not dispute that defendants are entitled to an award of costs pursuant to 28 U.S.C. § 1920, but they argue that defendants are not entitled to attorney fees. While plaintiffs concede that defendants are the prevailing parties and that the loan applications underlying this action contain a provision providing for prevailing party attorney fees, they argue that this dispute did not arise under the loan applications. Instead, plaintiffs argue, this dispute arose under the credit line instruments used to secure certain promissory notes. The court disagrees and finds that this dispute arose under the loan applications. Therefore, the attorney fees provision applies.

Even if this action did not arise under the loan application, plaintiffs' argument would fail based on estoppel. Plaintiffs' Third Amended Complaint alleged breach of contract and specifically asserted that "[t]he Loan Documents provide for attorney fees to the prevailing party in the event of a dispute." Third Am. Compl. ¶ 16. In the Order dated January 28, 2005, this court granted summary judgment to defendants on all of plaintiffs' claims, including the breach of contract claim. Therefore, plaintiffs are estopped from now asserting that the prevailing party is not entitled to attorney fees. Accordingly, the only

---

1. Defendants also claim $152.33 in computer research costs and $11.40 in delivery and phone charges. These are not attorney fees, and research and overhead costs are not recoverable.

2 – ORDER

remaining issue is whether defendants' request is reasonable.

The Ninth Circuit has articulated how a district court should determine a reasonable attorney fees award. Following Supreme Court precedent, the court in *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995), stated that "the district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *Hensley,* 461 U.S. at 433. In determining what constitutes a reasonable hourly rate, the court should consider such factors as the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996) (citations omitted); *see also Kerr v. Screen Guild Extras, Inc.,* 526 F.2d 67, 70 (9th Cir.1975) (stating twelve factors that bear on the reasonableness of an attorney fees award).

After making that computation, the court then assesses whether it is necessary to adjust the lodestar figure on the basis of *Kerr* factors not already subsumed in the initial lodestar calculation. *Id.* at 363-64 (citations omitted). Among the factors the court may consider at this step are: (1) the time and labor required, (2) the preclusion of other employment by the attorney due to acceptance of the case, (3) the customary fee, (4) any time limitations, (5) the "undesirability" of the case, (6) the nature and length of the professional relationship with the client, and (7) awards in similar cases. *Id.* at 364 n.9 (citations omitted).

There exists a "strong presumption" that the lodestar figure represents a reasonable

fee, and should, therefore, only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal quotations and citation omitted).

Defendants claim $36,568 in attorney fees based on a total of 176.8 hours worked. Of this amount, 79.3 hours are attributable to Bruce Campbell, whose hourly rate ranged from approximately $270 in March 2003 to $310 in February 2005, and 92.6 hours are attributable to Ky Fullerton, whose hourly rate ranged from approximately $134 in March 2003 to $180 in February 2005. Defendants also claim: 2.2 hours for Thomas Sand at a rate of approximately $300 per hour; .4 hours for Dee Gardner at a rate of approximately $74 per hour; .8 hours for Wayne Akin at a rate of approximately $113 per hour; and 1.5 hours for Carrie Meador-Marstall at a rate of approximately $49 per hour.

Mr. Campbell has been a practicing attorney for fifteen years, and about two-thirds of his practice is devoted to representing financial institutions and brokerage firms disputes. Decl. of Bruce L. Campbell in Supp. of Mot. for Entry of Award of Atty. Fees and Costs at 2-3. Mr. Fullerton has significant experience representing Merrill Lynch and other similar financial institutions. *Id.* at 3. In light of the experience of counsel, the complexity of this case, the quality of counsel's representation, and the results they obtained, the court finds that defendants' claimed rates and hours expended are reasonable.

Defendants do not seek an upward adjustment, nor does the court find this to be a "rare and exceptional" situation warranting enhancement or reduction of the lodestar figure. Accordingly, the court grants defendants' motion for $36,568 in attorney fees.

**CONCLUSION**

For the aforementioned reasons, defendants' Motion for Entry of Award of Attorney

Fees and Costs (Doc. #56) is GRANTED. Defendants are entitled to recover an award of $36,568 in attorney fees and $1,048.96 in costs from plaintiffs.

IT IS SO ORDERED.

DATED this _19____ day of May, 2005.

    /s/Ancer L.Haggerty

ANCER L. HAGGERTY
United States District Judge